NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MISAEL LOPEZ-SALINAS, | No. 16-71943 |
| Petitioner, | Agency No. A205-273-823 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022[**]
Seattle, Washington

Before: HAWKINS and FORREST, Circuit Judges, and RESTANI,[***] Judge.

Petitioner Misael Lopez-Salinas is a native and citizen of Mexico. He petitions

for review of the Board of Immigration Appeals' (BIA) decision upholding the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

immigration judge's (IJ) denial of withholding of removal. Where, as here, the BIA affirms the IJ's decision while adding its own reasoning, we review both decisions. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's conclusion that Lopez failed to prove that there is a nexus between his proposed social group and any past or future persecution. *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). Lopez cannot prove that any persecution suffered was or will be "*on account of*" his familial ties because the record supports only generalized criminal activity stemming from his family's rejection of gang extortion. *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011). Lopez even testified that the gang treated many people in town the exact same way it treated his family members. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 883 (9th Cir. 2021) (rejecting the petitioner's nexus argument because "[t]he evidence proves that criminals in Mexico will target anyone they believe can pay"). "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Thus, the evidence does not compel a contrary conclusion than that reached by the BIA. *See Villalobos Sura v. Garland*, 8 F.4th 1161, 1167 (9th Cir. 2021).

**PETITION FOR REVIEW DENIED.**